### Village of Noble v. Hattie Hanna.

1. CONTRIBUTORY NEGLIGENCE—*Walking upon Defective Sidewalks.*—A person with knowledge of the unsafe condition of a sidewalk is not necessarily guilty of contributory negligence in attempting to walk upon it, but with such knowledge is bound to exercise a greater degree of care than he would have been required to exercise without it.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Richland County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

J. I. MOUTRAY, attorney for appellant.

R. N. McCAULEY and H. G. MORRIS, attorneys for appellee.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered by the Circuit Court of Richland County for $25 damages, in favor of appellee, for injuries alleged to have been received by her, on account of the negligence of appellant in failing to keep its sidewalk in a reasonably safe condition for travel.

At the request of counsel for appellee, made for apparently good reasons, we have carefully read the entire record and in consequence are, perhaps, not as well prepared to calmly consider the case as we would have been, had we relied on the abstract alone, and so known less of what is in the record than we now do.

Appellant has assigned five errors, but has abandoned all except the fourth, which is " that the verdict of the jury was contrary to the law and evidence of the case, and the court erred in not setting it aside and granting a new trial."

The evidence that the sidewalk where appellee claims to have been injured was at the time of the injury, and had been for months before that time, in a dangerous and unsafe condition, is simply overwhelming, and it will serve no useful purpose to further refer to it, since appellant has scarcely attempted to controvert the facts.

The grounds on which appellant relies for a reversal of the judgment, are stated by counsel as follows:

" Appellant denies that appellee fell through a hole in the sidewalk."

" Appellant denies that appellee sustained injuries."

" Appellant denies that appellee should recover in this suit although this court would or could believe from the record that appellee fell in the sidewalk and sustained injuries, for the reason that appellee testifies that the hole had been there to her knowledge for six months and was dangerous for that long."

As to the first denial appellee testified that while she was going from her own home to her father's, on an adjoining block, in the early evening of March 6, 1895, in company with her husband, her foot caught in a loose plank of the walk, behind the hole, and she was thrown forward and her foot went through the hole "almost to the knee." That her husband held her back or she would have been injured worse than she was. There is very little evidence in the record that tends to show appellee's statement untrue.

As to the second denial it would seem that if appellee's statement about the fall was true, the claim that she was

seriously injured would require but little evidence for its support; but there is no lack of evidence in support of appellee's statement that she was seriously injured by the fall, given by witnesses who were in a situation to know the facts much better than those who testified on behalf of appellant. The principal ground of defense was, that appellee, at the time of the injury was, and for a number of years before that time had been, afflicted with falling of the womb, and that she was sickly, or as one or more of the witnesses put it "puny."

If this were true, it requires a greater degree of credulity than we possess, to believe the fall may not to a considerable degree have augmented the disease. If but a small portion of the evidence in regard to the results of the fall is true, the injury to appellee was very serious.

As to the third denial, it seems to be assumed by counsel that no matter what the circumstances in regard to the injury may have been, if appellee knew the sidewalk was in an unsafe condition, she had no right to attempt to walk on it, and that since she did walk on it she was guilty of such contributory negligence as precluded a right of recovery for any injury she may have sustained on account of the gross negligence of the village. This is not the law; but the law is that with such knowledge she was bound to exercise a greater degree of care than she would have been required to exercise without it, and so the court instructed the jury.

We do not think the evidence shows appellee was guilty of any negligence whatever.

No questions of law are raised on the record, and as to the facts and the verdict of the jury, appellant has no reason to complain, and as no cross-errors have been assigned, the judgment of the Circuit Court is affirmed.